**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
Tallahassee DIVISION**


**LANDRIC RUSSELL,**

   **Plaintiff,**

**vs.**                                   **Case No. 4:26cv91-RH-MAF**

**AGENCY FOR PERSONS
WITH DISABILITIES,**

   **Defendant.**
**_____/**


## REPORT AND RECOMMENDATION

After review of the pro se Plaintiff's amended employment discrimination complaint, ECF No. 5, filed pursuant to Title VII and the Americans with Disabilities Act, Plaintiff was directed to file a second amended complaint.  ECF No. 6.  The Court provided guidance to Plaintiff as to the deficiencies which must be corrected, and gave Plaintiff until April 19, 2026, to file a second amended complaint.  *Id.*  As of this date, Plaintiff has not complied and it appears Plaintiff has abandoned this litigation. Because Plaintiff was warned that failure to comply would result in a recommendation to dismiss this case, dismissal is appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015); *see also* Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here, Plaintiff was forewarned that if he did not comply with this Court's Order, a recommendation would be made to dismiss this case.  ECF No. 6. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2026.


**S/   Charles A. Stampelos[1]**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] Magistrate Judge Stampelos has signed this Order during the temporary absence of Magistrate Judge Martin A. Fitzpatrick who is assigned to this case.

Case No. 4:26cv91-RH-MAF